Julie Klein Fischer
Shelli D. Stewart
MORROW & FISCHER, PLLC
332 North Broadmore Way, Suite 102
Nampa, Idaho 83687
Telephone:    (208) 475-2200
Facsimile:    (208) 475-2201
ISB No.:    2451, 7459
*jfischer@morrowfischer.com*
*sstewart@morrowfischer.com*

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARISA LANE; CARRIEANNE KOWALCZYK; JOHN DOES 1-100; JANE DOES 1-100, <br><br> Plaintiffs, <br><br> -vs- <br><br> HUMANA MARKETPOINT, INC., a Kentucky Corporation, <br><br> Defendant. | **CASE NO. 1:09-CV-380** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiffs, MARISA LANE, CARRIEANNE KOWALCZYK, JOHN

DOES 1-100, and JANE DOES 1-100, by and through their undersigned attorneys of record, the

law firm of MORROW & FISCHER, PLLC, and for their claims of relief and causes of action

against Defendant, HUMANA MARKETPOINT, INC., complain and allege as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

**PARTIES, JURISDICTION AND VENUE**

1.      At all relevant times herein mentioned, Plaintiff Marisa Lane ("Lane") has been and is residing in the County of Canyon, State of Idaho.

2.      At all relevant times herein mentioned, Plaintiff Carrieanne Kowalczyk ("Kowalczyk") has been and is residing in the County of Ada, State of Idaho.

3.      At all relevant times herein mentioned, Defendant Humana Marketpoint, Inc. ("Humana") was and is a corporation duly organized and existing under the laws of the State of Kentucky, and at all times herein mentioned was doing business in the State of Idaho.

4.      This is a civil action over which this Court has jurisdiction, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*   Additionally, this Court shares concurrent jurisdiction with the Courts of the State of Idaho in matters arising under the Idaho Wage Claims Act, Idaho Code. § 45-601 *et seq.*   This Court's jurisdiction over Plaintiffs' state law claims is founded upon 28 U.S.C. § 1367.

**GENERAL ALLEGATIONS**

5.      In or about September 2005, Kowalczyk was hired by Humana as a MarketPOINT Sales Representative.

6.      In or about October 2005, Lane was hired by Humana as a MarketPOINT Sales Representative.

7.      Kowalczyk and Lane's primary duties as MarketPOINT Sales Representatives included, but were not limited to, selling Medicare insurance policies and servicing those customers who had previously purchased policies.

8.      During such time that Kowalczyk and Lane were employed as MarketPOINT Sales Representatives they worked an average of eighty (80) hours per week between the months of November and March.

9.      During such time that Kowalczyk and Lane were employed as MarketPOINT Sales Representatives they worked an average of between fifty (50) and sixty (60) hours per week between the months of April and September.

10.     Despite working in excess of forty (40) hours per week on a regular basis, Kowalczyk and Lane were not allowed to log more than forty (40) hours per week.

11.     For their first two years of employment at Humana, Kowalczyk and Lane were compensated on a salary basis of $15,000.00 per year plus commission based on sales and retention.

12.     Following their initial two years of employment with Humana, Kowalczyk and Lane's base salary was increased to $24,000.00 per year plus commission based on sales and retention.

13.     On or about February 13, 2009, Lane was terminated from her position with Humana.

14.     On or about February 25, 2009, Kowalczyk was terminated from her position with Humana.

15.     During the entire period of time that Kowalczyk and Lane were employed as MarketPOINT Sales Representatives at Humana, neither was compensated for hours worked in excess of forty (40) hours per week.

16.     To date, neither Kowalczyk nor Lane have received any overtime compensation from Humana.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

## COUNT ONE

### *Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*

17.     Plaintiffs reallege and incorporate allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18.     Plaintiffs regularly worked in excess of forty (40) hours during a given workweek at Humana.

19.     Despite working in excess of forty (40) hours during a given workweek, Plaintiffs were not compensated for any hours worked in excess of forty (40) hours.

20.     By failing to compensate Plaintiffs for hours worked in excess of forty (40) in a given workweek, Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, overtime compensation requirements.

21.     As a result of the Defendant's violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Plaintiffs have suffered damages, the exact amount to be proven at trial.

22.     Upon information and belief, there are other current and previous Humana employees that have not received overtime compensation from Humana in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## COUNT TWO
### *Violation of Idaho Wage Laws, I.C. § 45-601 et seq.*

23.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24.     In violation of Idaho Wage Laws, I.C. § 45-601 *et seq.*, Defendant failed to pay wages due and owing to Plaintiffs.

25.     All wages due and owing as alleged herein remain unpaid.

26.     As a result of the Defendant's violation of Idaho Wage Laws, I.C. § 45-601 *et seq*., Plaintiff has suffered damages, the exact amount to be proven at trial.

27.     Upon information and belief, there are other current and previous Humana employees that have not received wages due and owing from Humana in violation of Idaho Wage Laws, I.C. § 45-601 *et seq*

## ATTORNEY FEES

As a result of the Defendant's actions as set forth above, Plaintiffs have been required to retain the law firm of Morrow & Fischer, PLLC, to prosecute this action and has incurred and will continue to incur costs and attorney fees for which the Plaintiff is entitled to a separate award pursuant to Idaho Code §§ 12-120, 12-121, 45-615, and 29 U.S.C. §216(b), and other applicable state and federal law, in an amount to be determined by the Court, or, if judgment is rendered by default, in the amount of $1,500.00.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial pursuant to F.R.C.P 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.     As to Count I Violation of the Fair Labor Standards Act, an order and accompanying judgment finding that Defendant is in violation of the Fair Labor Standards Act and awarding Plaintiffs all unpaid overtime compensation pursuant to 29 U.S.C. § 201 *et seq*.;

2.     As to the Count II Violation of Idaho Wage Laws, for an order and accompanying judgment finding that Defendant is in violation of the Idaho Wage Laws, awarding Plaintiffs three times their unpaid wages pursuant to I.C. § 45-615, and awarding Plaintiff pre-judgment

interest at 12% per annum on all unpaid wages now due and owing until judgment is entered, pursuant to I.C. § 28-22-104.

       3.      For costs incurred in the prosecution of this action.

       4.      For an award of reasonable attorney fees incurred in the prosecution of this matter, the exact amount to be proven at trial or otherwise in this case.

       5.      For such other and further relief as the Court deems just and equitable.

DATED this _6th_ day of August, 2009.

MORROW & FISCHER, PLLC

By _____
    Julie Klein Fischer
    Shelli D. Stewart
    Attorneys for Plaintiffs

T:\Clients\L\Lane, Marisa 25002\Complaint.doc

COMPLAINT AND DEMAND FOR JURY TRIAL - 6